**CONWAY LAW GROUP**
Martin C. Conway (VSB No. 34334)
*1320 Central Park Blvd., 2nd Floor*
*Fredericksburg, Virginia 22401*
*Telephone: (540) 217-6196*
*Facsimile: (571) 285-3334*
*Martin@conwaylegal.com*
*Counsel to Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | )<br>)Chapter 13<br>) |
| Simon Peter Girtain | )   Case No. 25-31592-KLP<br>) |
| Debtor. | )<br>) |

## DEBTOR'S MOTION TO APPROVE COMPROMISE

Simon Peter Girtain (Debtor & Plaintiff), by counsel Martin C. Conway , formally requests the entry of an order, substantially in the form annexed hereto as **Exhibit A**, approving a settlement agremeent and release of all claims by and among the Debtor and Guardian Litigation Group, LLC (Defendant), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules").  The Debtors state the following in support of this motion:

## PARTIES AND JURISDICTION

1.  On April 23, 2025 (the "Petition Date"), the Debtors filed a voluntaiy petition for relief under Chapter 13 ofTitle 11 ofthe United States Code (the "Bankruptcy Code") in this Court.

2.  Suzanne Wade was appointed interim Chapter 13 Tmstee and continues to serve in that capacity.

3. This is a core proceeding pursuant to 28 U.S.C. § 157.  This Comt has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4919-7037-4016.2

## BACKGROUND

4.   On January 4, 2024, Debtor and Defendant entered into a certain Limited Scope Agreeement. Defendant was to provide limited legal representation on behalf of Debtor for certain creditor's unsecured debt.

5.   After petition date, Debtor, through counsel, filed an adversary proceeding in the Eastern District of Virginia: Richmond Division against Defendant for " (1) common law fraud; (2) declaratory relief/recission; (3) violations of the Virginia Credit Counseling Act Private Right of Action, under VA Code § 6.2-2001; (4) violation of the Virginia Consumer Protection Act, pursuant to Title 59.1, Chapter 17 of the Code of Virginia, and (5) turnover of property to the estate Pursuant to 11 U.S.C. § 542, as more fully set forth in  the Complaint filed in the Adversary Action, related to the Services provided by Defendant to Plaintiff pre-petition."

6. The basis of the complaint by Debtor is that Adversary is not properly registered to conduct debt relief services in Virginia. Thus, any contract that Adversary and Debtor, a Virginia Resident, entered into is void because it is invalid as a matter of law. The causes of actions resulted from that basis.

7. In November, 2025, a settlement agreement was drafted by Defendant. This agreement stated that without admitting liability, Defendant was prepared to offer Debtor $8000 plus other good and valuable consideration in exchange for the Debtor asking the Bankruptcy Court to dismiss this adversary proceeding with prejudice. Debtor agreed to the settlement agreement shortly after.

8. Both parties agreed to the settlement, signed it either personally or through their agents, and agree to its binding nature once court approval is granted.

9. Approval of the Settlement will clarify the Debtors' property interests and reduce the likelihood of future disputes that could impair administration of the case.

2

4919-7037-4016.2

10. The Settlement is comprised of:

(i) the Nonjudicial Settlement Agreement relating to the Adversary Proceeding; and

(ii) the release of all claims by Debtor against Defendant.

11. The Settlement (i) sets out recital of terms, and (ii) provides an agreed framework for distribution agreed upon proceeds and the process for a dismissal of this proceeding with predjuice.

12. After considering the applicable facts and potential hurdles and in the exercise of his business judgment, the Debtors request authority for the Debtors (and, to the extent necessary, the Trustee) to execute and take such actions as are reasonably necessary to implement the Settlement in order:

a. avoid potential litigation concerning interpretation or enforcement of the Trust and related agreements;

b. preserve estate assets by eliminating the cost and delay associated with such litigation; and

c. provide certainty regarding the Debtors' interests for purposes of administration of this Chapter 13 case.

## RELIEF REQUESTED

13. By this Motion, the Debtor respectfully requests the entry of the proposed Order attached hereto approving the Settlement.

## ARGUMENT

14. Compromises are favored in bankruptcy because they minimize litigation and expedite administration of the estate.

15. In determining whether to approve a compromise under Rule 9019, the Court considers:

(i) the probability of success in litigation;

(ii) the potential difficulties of collection if settlement is not approved;

(iii) the complexity, expense, inconvenience, and delay of litigation; and

4919-7037-4016.2

3

(iv) the paramount interests of creditors.

See In re Frye, 216 B.R. 166 (Bankr. E.D. Va. 1997); In re A & C Props., 784 F.2d 1377 (9th Cir. 1986).

The Court need not conduct a mini-trial or decide the underlying disputed issues on the merits. Rather, the Court need only determine whether the compromise falls above the lowest point in the range of reasonableness and serves the best interests of the estate.

16. __The probability of success in litigation.__  Absent approval of the Settlement, disputes could arise regarding terms of Limited Scope Engagement Agreement. Such litigation would involve fact-intensive issues concerning contract formation and defenses, personal property interests, and basic ownership rights, with uncertain outcome. The Settlement eliminates that uncertainty and provides a defined structure for distribution and future transactions.

17. __The potential difficulties of collection.__ Collection of any judgment could impose an additional burden on the Debtors' estate, thereby further reducing the net proceeds ultimately generated as a result of a successful adversary proceeding. The Settlement allows the Debtors to avoid such additional expenses by providing for possible immediate recovery of the Funds.

18. __The complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it.__  Litigation involving contract and personal property rights regarding multiple pieces of personal property would be complex and costly. Administrative expenses incurred in such litigation would reduce funds available for distribution to creditors. Approval of the Settlement avoids these costs and allows for more orderly administration.

4

19.   The paramount interest of the creditors. The Settlement clarifies and preserves the Debtors' property interests without the expense of contested litigation. Avoiding litigation expense benefits creditors by preserving estate resources and reducing the risk of value impairment from delay.

## NOTICE & OPPORTUNITY TO OBJECT

This Motion is filed with negative notice procedures because a "Motion to Approve Compromise/ Settlement" is listed as a negative-notice matter on the Court's Negative Notice List.

any objection or other response in opposition to the Motion must be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, and served on counsel for the Debtors on or before March 25, 2026.The Trustee has been served with this Motion. If no timely response in opposition is filed and served, the Court may treat the Motion as conceded and may enter an order granting the relief requested without further notice or hearing pursuant to LBR 9013-1(H)(1).

## CONCLUSION

**WHEREFORE**, the Trustee requests the Court to: (i) approve the Settlement pursuant to Fed. R. Bankr. P. 9019; (ii) authorizing the Debtors and, to the extent necessary, the Trustee to take all actions reasonably necessary to implement the Settlement; and (iii) award any further relief the Court deems proper.

**Simon Peter Girtain**
**By Counsel**

/s/ Martin C Conway
Martin C Conway
**CONWAY LAW GROUP**
Martin C. Conway (VSB No. 34334)
1320 Central Park Blvd
Fredericksburg, Virginia 22401
Telephone:   (540) 217-6196
Facsimile: (571) 285-3334

Martin@conwaylegal.com
*Counsel to Debtor*

5

4919-7037-4016.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2026, I served a true and correct copy of the foregoing Debtors' Motion to Approve Compromise together with the Debtors' Motion to Approve Compromise and proposed order, in  accordance with LBR 2002-1(F) and LBR 5005-1(D)(8), by filing the same with the Court's CM/ECF system for transmittal to all registered ECF users and by United States mail, first-class postage prepaid, to all parties on the mailing matrix not receiving electronic notice. Service on the Office of the United States Trustee and with Plaintiff's Counsel was made in accordance with  LBR 2002-1(C).

Suzanne E. Wade
Office of the U.S. Trustee
701 East Broad Street
Suite 4304
Richmond, Virginia 23219
*United States Trustee*

Anthony G. Franqui
The Franqui Firm
1451 W. Cypress Creek Rd., Ste 300
Ft. Lauderdale, FL 33309
Tony@TheFranquiFirm.com
Cell: 305.494.8120
Fax: 888.531.7773
*Counsel for Defendant*

Simon Peter Gertain
6202 John Wayne Dr.
Fredericksburg, VA 22407

*Debtor*

/s/ Martin C. Conway

Counsel

6

4919-7037-4016.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

|                           |   |                          |
|---------------------------|---|--------------------------|
|                           | ) |                          |
| In re:                    | ) |                          |
| Simon      Peter          |   |                          |
| Gertain                   | ) | Chapter 13               |
| *Debtor*                  | ) | No. 25-31592-KLP         |
|                           | ) |                          |

**NEGATIVE NOTICE REGARDING DETBOR'S MOTION TO COMPROMISE**

PLEASE TAKE NOTICE that the above-captioned Debtors have filed the Debtors' Motion to Approve Compromise (the "Motion").

PLEASE TAKE FURTHER NOTICE that this matter is being presented on negative notice because a motion to approve compromise/settlement is included on the Court's Negative Notice List. See LBR 9013-1(H)(1) and Negative Notice List, Item 36.

PLEASE TAKE FURTHER NOTICE that any objection or other response in opposition to the Motion must be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, and served on counsel for the Debtors on or before March 25, 2026.

PLEASE TAKE FURTHER NOTICE that if no timely response in opposition is filed and served, the Court may treat the Motion as conceded and may enter an order granting the relief requested without further notice or hearing pursuant to LBR 9013-1(H)(1).

The Motion seeks approval of a compromise pursuant to Fed. R. Bankr. P. 9019.

Dated: March 11, 2026

CONWAY LAW GROUP

/s/ Martin C. Conway
Martin C. Conway (VSB No. 34334)
1320 Central Park Blvd., 2nd Floor
Fredericksburg, Virginia 22401
Telephone: (540) 217-6196
Facsimile: (571) 285-3334
Martin@conwaylegal.com
Counsel for Debtor

1

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I served a true and correct copy of the foregoing Negative Notice Regarding Debtors' Motion to Approve Compromise, together with the Debtors' Motion to Approve Compromise and proposed order, in accordance with LBR 2002-1(F) and LBR 5005-1(D)(8), by filing the same with the Court's CM/ECF system for transmittal to all registered ECF users and by United States mail, first-class postage prepaid, to all parties on the mailing matrix not receiving electronic notice.

Service on the Office of the United States Trustee and on the office of Plaintiff's Counsel was made in accordance with LBR 2002-1(C).

/s/ Martin C. Conway
Martin C. Conway

### EXHIBIT A

#### MAILING MATRIX / SERVICE LIST

Pursuant to LBR 1007-1(H)(1), the creditor list serves as the mailing matrix. The complete mailing matrix for service of this negative notice filing should be the full CM/ECF creditor matrix in Case No. 25-32572-KLP. The following parties are identified from the motion materials presently available.
Via CM/ECF:

Suzanne E. Wade
Chapter 13 Trustee
Office of the United States Trustee
701 East Broad Street, Suite
Richmond, Virginia 23219

Via U.S. Mail:
Mia Newell Valentine
5665 Massaponax Church Rd.
Fredericksburg, VA 22407

Cory Lynn Valentine
5665 Massaponax Church Rd.
Fredericksburg, VA 22407

Counsel for Defendant
Anthony G. Franqui
The Franqui Firm
1451 W. Cypress Creek Rd., Ste 300
Ft. Lauderdale, FL 33309
Tony@TheFranquiFirm.com
Cell: 305.494.8120
Fax: 888.531.7773

Counsel for Debtor/Plaintiff
Conway Law Group
Martin C. Conway (VSB No. 34334)
1320 Central Park Blvd., 2nd Floor
Fredericksburg, Virginia 22401
Telephone: (540) 217-6196
2 Facsimile: (571) 285-3334
Martin@conwaylegal.com
Counsel for Debtors

## <u>EXHIBIT A</u>

**Proposed Order**

*CONWAY LAW GROUP*
*Martin C. Conway (VSB No. 34334)*
*1320 Central Park Blvd., 2nd Floor*
*Fredericksburg, Virginia 22401*
*Telephone: (540) 217-6196*
*Facsimile: (571) 285-3334*
*Martin@conwaylegal.com*
*Counsel to Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| In re: | )<br>)Chapter 13<br>) |
| Simon Peter Girtain | ) Case No. 25-31592-KLP<br>) |
| Debtor. | )<br>) |

**ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE**

THIS MATTER comes before the Court upon the *Debtors's Motion to Approve Compromise* (the "Motion") filed by Simon Peter Girtain, (the "Debtor"), by counsel, to approve a settlement by and among the Debtor and Guardian Litigatoin Group LLC ("Guardian") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"). Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1. On April 23, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. Martin Conway was appointed as consuel for Debtors and continues to serve in that capacity.

3. This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4919-7037-4016.2

4.    The Settlement is fair and equitable and in the best interests of the estate and creditors

5.    Notice of the Motion was properly served on all parties in interest pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED**

**THAT:**

1.    The Motion is hereby granted.

2.    The Settlement is approved, and the Defendant is authorized to take all necessary

actions to consummate such Settlement.

3. The Defendant is directed to immediately contact Trustee and provide all relevant documents.

4. The Debtors and, to the extent necessary, the Chapter 13 Trustee are authorized to take all actions reasonably necessary to implement the Settlement.

5. The Court retains jurisdiction to interpret and enforce this Order.


ENTERED: _____

-------------------------------------------------
UNITED STATES BANKRUPTCY COURT
JUDGE

Order submitted by:
/s/ Martin C. Conway
CONWAY LAW GROUP Martin C.
Conway (VSB No. 34334) 1320 Central
Park Blvd Fredericksburg, Virginia 22401
Telephone: (540) 217-6196 Facsimile:
(571) 285-3334 Martin@conwaylegal.com
Counsel to Debtor


**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**


Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify under penalty of perjury that the foregoing proposed order has been endorsed by or served upon all necessary parties.


/s/ Martin C. Conway

2

Service List

Suzanne E. Wade
Office of the U.S. Trustee 701
East Broad Street
Suite 4304
Richmond, Virginia 23219
United States Trustee


Mia and Corey Valentine 5665
Massapanox Church Rd.
Fredericksburg, VA 22407
Debtor

Counsel for Defendant
Anthony G. Franqui
The Franqui Firm
1451 W. Cypress Creek Rd.,
Ste 300 Ft. Lauderdale, FL
33309
Tony@TheFranquiFirm.com
Cell: 305.494.8120
Fax: 888.531.7773

4919-7037-4016.2

Zoho Sign Document ID: 343ECF5F-WHMUN62GJVS9ZKRIRUZUPPPGZS6JL2IAAPQITFE9SJW

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (the "Agreement") is entered into by and between Simon Peter Girtain ("Plaintiff") and Guardian Litigation Group, LLP ("Defendant"); Plaintiff and Defendant may be interchangeably referred to herein individually as a "Party" and jointly as the "Parties".

### RECITALS:

WHEREAS, on or about January 4, 2024, Plaintiff and Defendant entered into a certain Limited Scope Engagement Agreement, wherein Defendant was engaged for limited scope legal representation for certain creditors of Plaintiff's unsecured debt (the "Services"); and

WHEREAS, on April 23, 2025, Plaintiff filed for Chapter 13 voluntary bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Virginia (Richmond), Bankruptcy Petition No.: 25-31592-KLP, (the "Main Case"); and

WHEREAS, on July 24, 2025, Plaintiff filed in the Main Case an Adversary Proceeding for Turnover Under Sections 28 USC §§ 157(b)(2)(E) and 11 USC §§ 542 and 547, Adversary case 25-03028, (the "Adversary Action") alleging claims against Defendant for (1) common law fraud; (2) declaratory relief/recission; (3) violations of the Virginia Credit Counseling Act Private Right of Action, under VA Code § 6.2-2001; (4) violation of the Virginia Consumer Protection Act, pursuant to Title 59.1, Chapter 17 of the Code of Virginia, and (5) turnover of property to the estate Pursuant to 11 U.S.C. § 542, as more fully set forth in the Complaint filed in the Adversary Action, related to the Services provided by Defendant to Plaintiff pre-petition; and

WHEREAS, Plaintiff represents and warrants that he owns and holds the right to bring the Adversary Action; and

WHEREAS, Defendant denies any and all liability stemming from the Services, notwithstanding same, Defendant is desirous of settling the Adversary Action to avoid the costs and risks associated with litigation and Defendant is willing to settle this matter without any admission of liability and for settlement purposes only; and

WHEREAS, the Parties are desirous of settling the Adversary Action and the claims asserted or claims which could have been asserted, to avoid the costs and risks associated with litigation and upon the terms and conditions hereinafter set forth.

NOW, THEREFORE, for and in consideration of the aggregate sum of Eight Thousand and 00/100 dollars ($8,000.00) (the "Settlement Amount"), to be paid by Defendant to Girtain, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

1. <u>Recitals</u>. The terms contained in each of the above Recitals are true and correct and incorporated herein by reference.

2. Within five (5) business days of this Agreement being fully executed, Plaintiff shall file a Motion to Approve this Settlement Agreement in the Main Case in accordance with F.R.B.P. 9019. There shall be a statement contained in the Motion to Approve the Settlement to the general effect of: "Defendant has offered to pay to Plaintiff a total of $8,000.00 without any admission of liability and for settlement purposes only."

3. Upon the entry of a final, non-appealable Order Approving the Settlement Agreement between Plaintiff and Defendant in the Main Case, Plaintiff/Plaintiff's counsel shall forward a copy of same to Defendant, along with ACH/Wire account instructions or other such instructions for Defendant to issue payment of the Settlement Amount to Plaintiff/Plaintiff's counsel (collectively the "payment instructions") and an executed Internal Revenue Service current form W-9 completed with the payee information for the Settlement Amount (in the event that Settlement Amount is instructed to be issued to Plaintiff's counsel's trust account, the Internal Revenue Service current form W-9 *shall* be provided by the named trust account holder).

4. Within ten (10) business days of Plaintiff/Plaintiff's counsel providing Defendant with the final, non-appealable Order Approving the Settlement Agreement between Plaintiff and Defendant in the Main Case, the payment instructions, and an executed Internal Revenue Service current form W-9 completed with the Settlement Amount payee information, Defendant shall tender payment of the full Settlement Amount pursuant to the payments instructions.

5. If the Court does not approve all of the terms of this Agreement (which are all deemed material), the Parties acknowledge that (i) this Agreement shall become null and void and (ii) the Parties shall retain all claims, defenses, affirmative defenses and rights in the Adversary Action, including but not limited to have any and all disputes resolved by arbitration as per the underlying Limited Scope Engagement Agreement by and between Defendant and Plaintiff in the Adversary Action.

6. Upon Court approval and only after Defendant's payment of the Settlement Amount to Plaintiff, Plaintiff hereby releases, remises, forever acquits and discharges Defendant, and its officers, shareholders, directors, members, partners, parent companies, sister companies, subsidiaries, successors, predecessors, affiliates, employees, agents, representatives, attorneys, marketing companies, lead generators, successors, heirs, and assigns, and anyone acting in concert with them or jointly and severally, (collectively the "Released Parties") from any and all claims, counterclaims, demands, rights, suits, actions or causes of action of every kind and nature related directly or indirectly to the issues set forth in the Adversary Action (including any such claims that could have been brought in the Adversary Action) and otherwise existing as of the date of execution of this document,

including but not limited to terminating and/or cancelling the Services and/or obligations between Plaintiff and Defendant, or for which Defendant to perform any actions on behalf of Plaintiff, but does **not** include Defendant's obligation to pay the Settlement Funds and any duties and/or obligations under this Agreement.

7. <u>Dismissal.</u> For the Adversary Action and any pending litigation/arbitration matters involving the Defendant, within five (5) business days of Plaintiff's/Plaintiff's counsel's receipt of the Settlement Amount, Plaintiff shall cause such matters to be dismissed, WITH prejudice.

8. The Parties expressly understand and agree that the terms and promises contained in this Agreement herein are accepted as a release in full accord, satisfaction and compromise of the claims asserted in the Adversary Action, and that they are not an admission of liability by the Defendant, but are made for the purpose of avoiding additional expenses, the uncertainties associated with litigation, and terminating the Adversary Action.

9. Neither this Agreement nor any of its terms, covenants or conditions shall be offered or received into evidence in any proceeding or utilized in any manner whatsoever as an admission of any wrongdoing of any nature or any liability therefore on the part of the Parties, provided, however, that nothing contained in this paragraph shall prevent this Agreement from being used, offered or received into evidence in any proceeding to enforce or otherwise effectuate settlement herein.

10. The Parties signing this Agreement specifically warrant and represent that they have full power and authority to execute this Agreement, have carefully read and understand the terms of this Agreement and are entering into it voluntarily, and further represent that they have not transferred, assigned, or otherwise conveyed in any manner or form, any of the rights, obligations, or claims that are the subject matter of this Agreement. The Parties further represent and acknowledge that in executing this Agreement, they have not relied upon any representations or statements not set forth herein made by any Party or the Party's agents, representatives, or attorneys with regard to the subject matter of this Agreement

11. The Parties agree that this Agreement inures to the benefit of and binds their respective predecessors, successors, subsidiaries, officers, directors, employees, insurers and heirs.

12. The Parties agree that this Agreement was the result of a negotiated settlement and may not be construed as having been prepared by any one party.

13. This Agreement is a release and settlement strictly between the Parties as to the terms set forth herein, and shall not be construed as any type of release or settlement of any other claims or causes of action against any parties not specifically identified herein.

Zoho Sign Document ID: 343ECF5F-WHMUN62GJVS9ZKRIRUZUPPPGZS6JL2IAAPQITFE9SJW

14. Agreement may be signed in several counterparts and transmitted by electronic means including email or facsimile, but all when taken together shall constitute but a single instrument when executed by all Parties.

15. This Agreement and all documents and instruments executed in connection herewith or in furtherance hereof, may not be amended, modified or supplemented except by an instrument in writing signed by the Parties.

16. The Parties shall bear their own respective costs, expenses, and attorneys' fees relating to this matter. However, in any action to enforce the terms of this Agreement and/or any dispute or proceeding concerning this Agreement, its interpretation or breach, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

17. The Bankruptcy Court for the Main Case shall retain jurisdiction to resolve any disputes arising out of this Agreement, including enforcement of terms herein.

18. This Agreement shall be governed by, construed and enforced in accordance with the laws of the United States of America and the State of Virginia.

IN WITNESS WHEREOF, this Agreement has been approved and executed by the Parties on the date written below.

BY:

**NDANT**: Guardian Litigation Group, LLP

Signed by:

By: _____

Name: _____John Greenway_____

Title: _____Managing Partner_____

Date: _____2/20/2026_____

**PLAINTIFF**:

_____
Simon Peter Girtain

Date: 3/6/2026

**SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**
**Page 4 of 4**